■ MURRAY BURNETT et al., Appellants-Respondents, v WARNER BROS. PICTURES, INC., et al., Respondents-Appellants, et al., Defendant.—Order of the Supreme Court, New York County (John Bradley, J.), entered January 28, 1985, which granted defendants-respondents-appellants' cross motion for summary judgment dismissing the complaint without prejudice, for lack of subject matter jurisdiction, is unanimously modified on the law, to the extent of granting to defendants summary judgment dismissing the complaint, with prejudice, for failure to state a cause of action, and the order is otherwise affirmed, without costs and disbursements.

In 1941 plaintiffs wrote a play entitled "Everyone Comes to Rick's." On January 12, 1942, plaintiffs assigned their rights to the unproduced play to defendant Warner Brothers, Inc., in exchange for $20,000. The agreement entitled "Assignment of All Rights" states that plaintiffs

"give, grant, bargain, sell, assign, transfer and set over all now or hereafter existing rights of every kind and character whatsoever pertaining to said work, whether or not such rights are now known, recognized or contemplated and the complete and unconditional and unencumbered title in and to said work of all purposes whatsoever.

"2. I further give * * * the absolute and unqualified right to use said work in whole or in part, in whatever manner said purchaser may desire, including (but not limited to) the right to make, and/or cause to be made, literary, dramatic, speaking stage, motion picture, photo play, television, radio, and/or other adaptations of every kind and character, of said work, or any part thereof; and for the purpose of making or causing to be made such adaptations or any of them the purchaser may adapt, arrange, change, novelize * * * add to and subtract from said work, and/or title".

In 1942 Warner Brothers released the motion picture "Casablanca" which was based on plaintiffs' play. Later, in 1955, Warner Brothers produced a television series entitled "Casablanca" which was essentially a sequel to the movie and set in the 1950's. Plaintiff Burnett, although aware that the television series had been produced, made no protest to Warner Brothers of infringement of character or sequel rights. Warner Brothers then obtained a copyright registration for another adaptation of plaintiffs' play, which was produced for television in 1983. This production was a "prequel" story set in 1940, one year prior to the action of both plaintiffs' play and the movie "Casablanca". The weekly series was broadcasted from April 10 to May 7, 1983.

Plaintiff learned that the new "Casablanca" television series was being planned but raised no objection until June 21, 1983, after the series had been aired. Plaintiffs' attorney complained to the National Broadcasting Company, Inc. (NBC), which broadcasted the series, that the television series, based on the characters plaintiffs had created, violated their rights to those characters. Plaintiffs followed this complaint by commencing the instant action in July 1983, seeking a declaratory judgment that the defendants had no rights under the contract to use the characters of his play except for the use in the movie

"Casablanca". Plaintiffs sought $10,000,000 in compensatory and $50,000,000 in punitive damages. Defendants Warner Brothers and NBC answered, asserting five affirmative defenses, including failure to state a cause of action and lack of jurisdiction over the subject matter due to Federal preemption under 17 USC § 301, the Federal copyright law.

Justice Bradley granted defendants' motion to dismiss the complaint on the ground that the court did lack subject matter jurisdiction to determine the controversy because of Federal preemption. The court, therefore, dismissed the complaint, but without prejudice, to enable plaintiffs to bring an action in Federal court.

Plaintiffs argue on appeal that the court erred in finding that their causes of action concerning their rights to their characters were preempted by the Federal copyright law. Defendants argue, *inter alia,* on their cross appeal, that plaintiffs' complaint should have been dismissed with prejudice because plaintiffs contracted away any and all rights they had in their play.

We need not determine whether plaintiffs' causes of action are preempted by the Federal copyright law, for it is beyond question that plaintiffs failed to retain any rights, copyrightable or otherwise, which defendants could infringe, and have consequently failed to state a cause of action, thus requiring dismissal with prejudice.

The very words of the agreement between plaintiffs and Warner Brothers unequivocally demonstrate plaintiffs' intent to assign all their rights "of every kind and character whatsoever pertaining to said work, whether or not such rights are now known, recognized or contemplated * * * for all purposes whatsoever." Moreover, plaintiffs granted Warner Brothers the absolute right to use the work in any manner or medium they desired and to add to or subtract from the work. The assignment of rights agreement contains no clauses specifically enumerating any rights retained by plaintiffs or enumerating any rights excluded to Warner Brothers. Rather, it contains only general clauses assigning all imaginable rights to defendant Warner Brothers. The explicit wording of the clause belies plaintiffs' allegation that the assignment "contains no grant with respect to characters, continuation or sequel rights." The assignment was very obviously designed to grant the assignee the broadest of rights with respect to plaintiffs' play. In instances where the assignment clauses were drafted in the broadest of terms, courts have concluded that had the plaintiff intended to retain certain rights, specific

clauses to that effect should have been included in the agreement. (*See, Bartsch v Metro-Goldwyn-Mayer,* 391 F2d 150; *Landon v Twentieth Century-Fox Film Corp.,* 384 F Supp 450.) Inapposite to these cases and the instant appeal is *Warner Bros. Pictures v Columbia Broadcasting Sys.* (216 F2d 945), where, unlike the language in Burnett's assignment, the contract there contained specifically enumerated rights granted to Warner Brothers and specifically enumerated rights reserved by the author Hammet. Since plaintiff retained no rights in his play which could be infringed, the complaint below fails to state a cause of action and is dismissed with prejudice. Concur—Sandler, J. P., Carro, Asch, Lynch and Ellerin, JJ. [127 Misc 2d 553.]